IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OLYMPIAN GROUP, LLC,

                Plaintiff,

      v.

CITY OF MARKAHM, DAVID WEBB,
ROGER AGPAWA, CLIFTON HOWARD,
MACK SANDERS, and JAMES WALKER,

                Defendants.

No. 18 C 4919

Jeffrey T. Gilbert
United States Magistrate Judge

## MEMORANDUM ORDER

This matter is before the Court on Individual Defendants' Motion to Compel Plaintiff's Production of Documents [ECF No. 173] ("Motion"). For the reasons discussed below, the Motion is denied.

On July 15, 2022, Individual Defendants issued supplemental requests for production of documents to Plaintiff Olympian Group LLC ("Plaintiff LLC"). Those supplemental requests sought production of the personal state and federal income tax returns for the years 2012-2018 for Michael Irvin ("Irvin") and Corey Bradford ("Bradford"). Bradford and Irvin are the individual members of Plaintiff LLC. Plaintiff LLC objected to the production of Irvin's and Bradford's personal tax returns because, among other reasons, Irvin and Bradford no longer are parties to this case. Their individual claims were dismissed without prejudice on September 30, 2020, and no amended complaint has been filed re-asserting any individual claims. *See* [ECF Nos. 98, 99].

Individual Defendants cite some case law for the general and unremarkable proposition that they should be able to discover relevant information. *See* Individual Defendants' Motion [ECF No. 173], at 3. Individual Defendants further argue generally that income tax returns are subject to discovery in a civil lawsuit when a litigant puts his income at issue. *Id.* The problem with these arguments is that Irvin and Bradford are not parties to this case, and they have not put their personal income tax situation at issue as far as the Court can tell. In addition, the Court notes that all of the cases to which Individual Defendants cite are cases decided before Federal Rule of Civil Procedure 26 was amended in December 2015 to clarify (or arguably to narrow) the scope of discovery as limited to information that "is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P 26(b)(1). Individual Defendants have not shown that the tax returns they seek here are relevant to any party's claim or defense or proportional to the needs of the case within the meaning of Federal Rule of Civil Procedure 26(b)(1).

Individual Defendants do not cite any case law or legal basis that would authorize this Court to compel two non-parties to produce their personal tax returns in this case at this time. Nor have Individual Defendants given any reason to believe that this is something other than a fishing expedition. They simply argue that Irvin's and Bradford's personal finances are relevant because Plaintiff LLC's corporate tax returns, which have been produced for the years requested, are allegedly inconsistent. The Court agrees with Plaintiff LLC that there are less intrusive ways for Individual Defendants to obtain the clarifications they seek, perhaps during the depositions of Plaintiff LLC's accountant or of Irvin and Bradford themselves. And perhaps Individual Defendants have done just that already.[1]

On the present record and without more than Individual Defendants' conclusory statements and conjecture that Plaintiff LLC has put Irvin's and Braford's personal finances at issue and that the information is broadly relevant, the Court is not persuaded the information requested is either relevant to the claims or defenses in this case or proportional to the needs of this case. The Court, therefore, finds there is no legal justification at this time to compel Irvin and Bradford to produce their personal tax returns.

For all of these reasons, Defendants' Motion to Compel Plaintiff's Production of Documents [ECF No. 173] is denied.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 6, 2022

---

[1] The Courts notes that the parties' Status Reports on October 25 and 27, 2022, indicate that Irvin and Bradford have been deposed already, and that the deposition of Plaintiff LLC's account, Norman Dorsey, was scheduled to take place on November 29, 2022. *See* [ECF Nos. 183 and 186]. The Court assumes that deposition occurred.