IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLYMPIAN GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF MARKAHM, DAVID WEBB, ROGER AGPAWA, CLIFTON HOWARD, MACK SANDERS, and JAMES WALKER, <br><br> Defendants. | No. 18 C 4919 <br><br> Jeffrey T. Gilbert <br> United States Magistrate Judge |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's Motion to Reopen Rule 26(a)(2) Expert Disclosure Deadline [ECF No. 254] is granted.

Plaintiff's Rule 26(a)(2) disclosures originally were due by June 19, 2019. [ECF No. 18]. That date was extended many times by successive court orders as discovery in this case languished [ECF Nos. 18, 67, 101, 107], culminating in a case management order entered on December 21, 2022, that said expert disclosures were to be made by January 3, 2023. [ECF No. 205]. Plaintiff's then-counsel moved to withdraw on that date. [ECF No. 212]. The motion to withdraw was heard on January 10, 2023, and taken under advisement. [ECF No. 218]. During that hearing, Defendants point out that Plaintiff's counsel stated unequivocally that Plaintiff would not be disclosing any experts. Transcript of January 10, 2023, Hearing [ECF No. 259-1] at 6-7. Defendants say they and the Court were entitled to rely on that

representation made by Plaintiff's former counsel on her way out the door. Defendants also say it is far too late in this long-pending case for Plaintiff now to disclose a damages expert. Plaintiff argues it is not that simple and it should be allowed to disclose a damages expert now. The Court agrees with Plaintiff.

Plaintiff's former counsel's motion to withdraw remained under advisement for six months until it was granted on June 20, 2023. [ECF Nos. 218, 242]. Plaintiff's new counsel filed an appearance on August 1, 2023. [ECF No. 244]. Three days later, the parties filed a status report that said Plaintiff intended to make a Rule 26(a)(2) expert disclosure but needed some time to evaluate the current posture of the case. [ECF No. 248]. Defendants acknowledged this was a change in position by Plaintiff compared to that articulated by Plaintiff's former counsel six months earlier, but they did not categorically object at that time. Instead, they said they needed time to re-evaluate their position. Joint Status Report [ECF No. 248] ("Plaintiff intends to make 26(a)(2) disclosures, but requires a brief period of time to evaluate the case's current posture. Because Plaintiff's position has changed regarding 26(a)(2) disclosures, Defendants need time to re-evaluate their prior position."). When Plaintiff confirmed its intent to make an expert disclosure a little more than 30 days later, Defendants objected because those disclosures were long overdue and expert discovery was supposed to close on March 3, 2023. [ECF No. 252].

The docket in this case contains inconsistent and confusing entries with respect to whether Plaintiff would be making Rule 26(a)(2) expert disclosures. For example, well-after Plaintiff's former counsel told the presiding District Judge that

Plaintiff would not be making expert disclosures as she was on her way out the door on January 10, 2023 (with those disclosures having been due a week earlier on January 3, 2023, the day Plaintiff's former counsel filed her motion to withdraw), I continued to reference the possibility that Plaintiff might make expert disclosures and, in fact, stayed expert discovery pending new counsel filing an appearance for Plaintiff just three days after the District Judge granted Plaintiff's former counsel's motion for leave to withdraw. [ECF Nos. 228, 242, 243, 249, 253].

If I had realized Plaintiff's former counsel (its fourth attorney of record in a line of five attorneys who have appeared for Plaintiff in this case) told the presiding District Judge on January 10, 2023 [ECF No. 259-1], that Plaintiff would not be making Rule 26(a)(2) expert disclosures, I doubt I would have continued to inquire during subsequent status hearings whether Plaintiff would be making expert disclosures, I likely would not have stayed expert discovery pending the appearance of new counsel for Plaintiff, and I would not have continued to direct the parties to address the matter of expert discovery in their written status reports. At no time, however, as far as I can determine, until the briefing of the instant Motion did Defendants provide a transcript of the January 10 hearing containing Plaintiff's former counsel's representation that Plaintiff would not be making expert disclosures though they did generally object to Plaintiff disclosing an expert because the expert disclosure deadline had passed and they may have indicated at least verbally that Plaintiff had disclaimed any intention to do so.

3

Against this background, the question is whether there is good cause within the meaning of Federal Rule of Civil Procedure 16(b)(4) to allow Plaintiff to disclose a Rule 26(a)(2) damages expert at this stage of the case. *McCann v. Cullinan*, 2015 WL 4254226 (N.D. Ill. 2015) As Judge Johnston explained in *McCann*, Rule 16(b)(4) applies more directly to a motion to modify a case management order or schedule than does Rule 6(b)(1) which generally addresses motions to extend a deadline. Although both Rules are phrased in terms of good cause, Rule 16(b)(4) focuses on the moving party's diligence in seeking the modification rather than on the excusable neglect/prejudice analysis utilized under Rule 6(b)(1) when the request to extend a deadline is made late. The movant's burden under Rule 16(b)(4) is more onerous than under Rule 6(b)(1) particularly after the deadline has passed as is the situation here. *Id. See also W. Leasing, Inc. v. W. Min. Dev., LLC,* 2023 WL 1788539, at *14 (W.D. Ky. Feb. 6, 2023); *Rodriguez v. Lab'y Corp. of Am.,* 2022 WL 18228250, at *2 (C.D. Cal. Nov. 23, 2022). In either case, courts have a great deal of discretion in this area as in all matters of discovery. *Rizza v. Wausau Underwriters,* 2011 WL 867492, at *2 (N.D. Ill. Mar. 11, 2011).[1]

Plaintiff's new counsel was diligent in announcing their intention to disclose a damages expert almost immediately after they came into this case. As noted above, they did so within three days of filing their appearances. The Court will not penalize

---

[1] The majority view appears to be that Rule 16(b)(4) applies to a motion to modify a case management schedule or order. Some courts though analyze the issue under both Rule 16(b)(4) and Rule 6(b). *See, e.g., Pirzadah v. Erie LaSalle Venture LLC*, 2022 WL 17357770, at *1 (N.D. Ill. Dec. 1, 2022) (good cause under Rule 16(b)(4) is at least as stringent a standard as good cause under Rule 6(b)(1)).

4

Plaintiff for its former lawyer's decision, for whatever reason, not to retain a damages expert. The decision whether to retain an expert is driven by counsel in most cases, not the party or client. In this case, in the Court's discretion, the fact that Plaintiff's former counsel communicated to the District Judge that Plaintiff would not be disclosing any experts after she had filed a motion to withdraw, and after the deadline to make such disclosures had passed, is not a strong basis upon which to block Plaintiff from disclosing an expert now.[2]

At the end of the day, Defendants' only arguments against Plaintiff's request for leave to reopen expert discovery are that Plaintiff (through counsel) said it was not going to have a damages expert, which I have addressed, and that the disclosure of an expert now comes too late. While the Rule 26(a)(2) disclosure is late, it does not come too late in the context of this case. Plaintiff's former counsel's motion to withdraw was held in abeyance for six months before it was granted. I stayed expert discovery days after that motion was granted by the District Judge (without knowledge of Plaintiff's counsel's colloquy with the District Judge about expert disclosures). And Plaintiff's new counsel filed a status report just three days after filing their appearance (and before the stay was lifted) that said Plaintiff would be disclosing a damages expert.

In addition, to the extent relevant to the analysis, there is no serious prejudice to Defendants here by allowing Plaintiff to disclose a damages expert now. No trial

---

[2] The Court also notes that one of the reasons Plaintiff's former lawyer gave for moving to withdraw was that she lacked the resources in a small firm to continue to represent Plaintiff in this case, and that Plaintiff needed a larger law firm to adequately pursue the case through trial. [ECF No. 259-1] at 10-11.

date has been set. Any delay caused by Plaintiff's retention of a damage expert now should not prevent any Defendant from moving for summary judgment on any liability aspect of the case if they intend to do so. Defendant may or may not want to incur the expense of hiring a rebuttal expert but that is their decision. Defendants argue that Plaintiff has produced no documentary evidence to substantiate its damages other than tax returns, so its case for damages is very weak. Whether Plaintiff can make a convincing case for damages, however, is not a consideration for the Court in ruling on Plaintiff's instant Motion in the Court's view.

In addition, the confusion on the docket militates somewhat in favor of granting Plaintiff's motion. Though that is not the predominant consideration in the Court's ruling today. Nevertheless, as Plaintiff points out, the Court's orders kept the issue of whether Plaintiff would disclose an expert alive even after Plaintiff's former counsel disclaimed an intention to do so. Plaintiff's subsequent disclosure of its intent to disclose an expert, therefore, arguably was timely under those orders.

Accordingly, for all these reasons, Plaintiff's Motion to Reopen Rule 26(a)(2) Expert Disclosure Deadline [ECF No. 254] is granted. The parties shall file a joint status report on expert discovery on or before January 11, 2024, that contains a date for Plaintiff to make its Rule 26(a)(2) disclosure of a damages expert, a date by which that expert will be deposed if Defendants want to depose the expert, a date by which Defendants will make any rebuttal disclosure, and a date by which that expert will be deposed if Plaintiff chooses to take that deposition.

6

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 29, 2023